FILED
JUL 28 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FREDERICK DARRYL LEE, #1134236,

Petitioner,

v.                                       Case No. 2:10cv122

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On May 31, 2007, Petitioner, Frederick Darryl Lee ("Lee"), was convicted in the Circuit Court for the City of Norfolk, Virginia, of one (1) count of possession with intent to distribute cocaine; one (1) count of possession of a firearm by a convicted felon; one

(1) count of possession of a firearm while possessing a controlled substance with intent to distribute; one (1) count of possession of marijuana; and one (1) count of maintaining a premises deemed a common nuisance. Trial Order, Commonwealth v. Lee, Nos. CR07001430-00 to -05 (Va. Cir. Ct. May 31, 2007). On September 11, 2007, Lee was sentenced to a total of eighteen (18) years, twelve (12) months, and thirty (30) days in prison, of which eight (8) years, twelve (12) months, and thirty (30) days were suspended, resulting in a total active sentence of ten (10) years.[1] Sentencing Order, Commonwealth v. Lee, Nos. CR07001430-00 to -05 (Va. Cir. Ct. Sept. 11, 2007).

Lee filed a Petition for Appeal in the Court of Appeals of Virginia on December 28, 2007. In his appeal, Lee argued that there was insufficient evidence to find that he had constructive possession of the handgun, cocaine, and marijuana. Petition for Appeal, Lee v. Commonwealth, No. 2174-07-1 (Va. Ct. App. Dec. 28, 2007). The Court of Appeals, in a *per curiam* opinion, denied the appeal on the merits on April 16, 2008. Lee v. Commonwealth, No.

---

[1] Lee was sentenced to eleven (11) years, with eight (8) years suspended, for the possession with intent to distribute cocaine charge; two (2) years for the possession of a firearm by a convicted felon charge; five (5) years for the possession of a firearm while possessing a controlled substance with intent to distribute charge; thirty (30) days, with thirty (30) days suspended, for the possession of marijuana charge; and twelve (12) months, with twelve (12) months suspended, for the maintaining a common nuisance charge. Sentencing Order, Commonwealth v. Lee, Nos. CR07001430-00 to -05 (Va. Cir. Ct. Sept. 11, 2007).

2

2174-07-1 (Va. Ct. App. Apr. 16, 2008). Lee then filed an appeal with the Supreme Court of Virginia, which was refused by that court on October 1, 2008. Lee v. Commonwealth, No. 080940 (Va. Oct. 1, 2008).

On April 24, 2009, Lee executed a petition for a writ of habeas corpus, which he filed in the Norfolk Circuit Court. Petition for Writ of Habeas Corpus, Lee v. Ray, No. CL09003205-00 (Va. Cir. Ct. May 12, 2009). After considering Lee's claims on the merits, the circuit court denied the petition on July 23, 2009. Final Order, Lee v. Ray, No. L-09-3205 (Va. Cir. Ct. July 23, 2009). Lee did not appeal that decision to the Supreme Court of Virginia.[2] Instead, on November 28, 2009, Lee executed a second petition for a writ of habeas corpus, which he filed in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus, Lee v. Warden, No. 092520 (Va. Dec. 2, 2009). The Supreme Court of Virginia dismissed Lee's petition on February 8, 2010, because it was successive and untimely. Lee v. Warden, No. 092520 (Va. Feb. 8, 2010).

On February 24, 2010,[3] while in the custody of the Virginia

---

[2] Pursuant to state law, Lee had thirty (30) days in which to appeal the circuit court's decision to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:9(a).

[3] The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the

3

Department of Corrections at Red Onion State Prison, Lee executed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which he filed in the Western District of Virginia, Roanoke Division. On March 18, 2010, the case was transferred to this Court. On April 14, 2010, Respondent filed his Rule 5 Answer, a Motion to Dismiss accompanied by a supporting brief, and a Roseboro Notice pursuant to Local Rule 7(K). (Doc Nos. 7-10.) On May 7, 2010, Lee filed an Affidavit, which the Court interprets as a response to Respondent's Motion to Dismiss. (Doc. No. 11.)

**B. Grounds Alleged**

In his petition, Lee makes substantially the following claims:[4]

> A) Trial counsel was ineffective because he failed to request disclosure of the informant.
>
> B) Trial counsel was ineffective because he failed to move to suppress evidence that was obtained due to a defective search warrant:
>
> > 1) Two-dwelling residence/upstairs illegally. Affidavit does not prove credibility and

---

Court recognizes the prison mailbox rule for federal habeas petitions. In this case, Lee's petition was signed on February 24, 2010; however, it was not received by the court until March 17, 2010. The Court assumes, without finding, that the petition was executed on February 24, 2010, the day it was signed. Further, the Court considers the petition filed, for purposes of the statute of limitations, on that date.

[4] "[A] pro se litigant is entitled to a liberal reading of [his] pleadings." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). It is with this principle in mind that the Court construes the various pleadings submitted by this pro se petitioner.

4

reliability.

2) Counsel conceded it was a drug house and the room was petitioner's.

3) Door at the top of the stairway.

4) Trial judge questioned the two apartments theory. Judge asked if they wished to follow-up on the matter of the separate apartments, both counsels denied.

C) Petitioner's Fifth Amendment rights were violated because the police did not read him his <u>Miranda</u> rights.

D) Trial counsel was ineffective because he advised Petitioner that it was in his best interest not to testify.

Lee raised claims (A) and (B)(1) through (B)(4) in the habeas petition he filed in the Norfolk Circuit Court. As discussed above, the Norfolk Circuit Court dismissed that petition on July 23, 2009. Lee raised all of the claims raised in the instant petition in the habeas petition he filed in the Supreme Court of Virginia.[5] The Supreme Court of Virginia dismissed that petition on February 8, 2010, finding that the petition was successive and untimely.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of Lee's habeas corpus petition because the Court FINDS that Lee's claims are procedurally

---

[5] The only difference between the petition filed in the Supreme Court of Virginia and the petition filed in this Court, is the inclusion of an additional four (4) pages of supporting facts and allegations. These four pages elaborate on the facts underpinning Lee's claims, but do not raise any new claims.

5

defaulted, requiring dismissal of the instant petition.

## A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Lee's claims must be exhausted. 28 U.S.C. § 2254(b); Wilson v. Ozmint, 352 F.3d 847, 867 (4th Cir. 2003). A petitioner's claims are exhausted if "both the operative facts and the controlling legal principles," Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997), have been presented "at least once to the highest state court," Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Claims that were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 732 (1991).

All of Lee's claims were presented to the Supreme Court of Virginia in his second habeas corpus petition, even though that court dismissed the petition because it was successive and

untimely.[6] Accordingly, the Court FINDS that Lee's claims are exhausted. See Coleman, 501 U.S. at 732.

## B. Procedural Default

Although all of Lee's claims are exhausted, Respondent asserts that they are procedurally defaulted. This Court concurs.

Claims that are presented to the highest state court, but are dismissed because they are procedurally barred pursuant to an adequate and independent state procedural rule are precluded from federal habeas review. Coleman, 501 U.S. at 750. In this case, the Supreme Court of Virginia dismissed Lee's petition pursuant to Virginia Code § 8.01-654(B)(2), finding that it was a successive habeas petition because it contained "allegation[s] the facts of which the petitioner had knowledge at the time of filing any previous petition," and pursuant to Virginia Code § 8.01-654(A)(2), finding "that the petition was not timely filed." Lee v. Warden, No. 092520 (Va. Feb. 8, 2010). Both the state statute of limitations in Virginia Code § 8.01-654(A)(2) and the rule prohibiting successive habeas petitions in Virginia Code § 8.01-

---

[6] In the attachment to Lee's petition filed in this Court, he challenges the Supreme Court of Virginia's findings that his petition contained "allegation[s] the facts of which the petitioner had knowledge at the time of filing any previous petition" and "was not timely filed." Lee v. Warden, No. 092520 (Va. Feb. 8, 2010). However, the state court's findings that the petition was successive and untimely are "entitled to a presumption of correctness," Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988), and this Court may not examine "whether the state court properly applied its own law," Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995).

7

654(B)(2) have consistently been held to be adequate and independent state procedural rules, which support procedural default in federal court. See Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (addressing Virginia Code § 8.01-654(B)(2)); Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990) (same); Ricks v. Virginia, No. 3:07cv296, 2008 WL 301992, at *3 (E.D. Va. Jan. 31, 2008) (addressing Virginia Code § 8.01-654(A)(2)); Graham v. Angelone, No. 2:00cv741, 2001 WL 34808291, at *6 (E.D. Va. June 26, 2001) (same). Therefore, the Court FINDS that Lee's claims are procedurally defaulted.

Although Lee's claims are procedurally defaulted, he may still obtain review of his claims if he establishes either: (1) "cause for the default and demonstrate[s] actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice" because, for instance, he is actually innocent of the crimes for which he was convicted. Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (citing Coleman, 501 U.S. at 750)); see also Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); McNeill v. Polk, 476 F.3d 206, 214 (4th Cir. 2007) (quoting Richmond v. Polk, 275 F.3d 309,

324 (4th Cir. 2004)). The Fourth Circuit identified the following factors as among those which may constitute "cause":

> (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

The Court first notes that although Lee makes numerous claims that he received ineffective assistance of counsel, those claims pertain to the performance of his trial counsel, and do not suggest that there was any impediment to Lee's ability to comply with the state's procedural rules during his post-conviction proceedings. Strickler, 527 U.S. at 283 n.24; Wright, 151 F.3d at 160 n.5; Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995) ("[I]neffective assistance of trial counsel does not excuse [Petitioner's] own failure to raise all of his claims in a petition for post-conviction relief."). Furthermore, a claim that ineffective assistance of counsel caused the procedural default must be exhausted in the state courts before it can be considered by this Court. Carrier, 477 U.S. at 488-89; Justus v. Murray, 897 F.2d 709, 713-14 (4th Cir. 1990). Lee never raised a claim that his failure to properly prosecute his state habeas petition was

9

caused by ineffective assistance of counsel.

Construed liberally, Lee appears to argue that he should be excused from procedural default because he is not familiar with the law and he is actually innocent of the firearm and drug-dealing charges. Lee's first argument, that he is "ignorant when it comes to legal matters," does not excuse his procedural default. See Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) ("[Petitioner's] ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default."); Tapia-Garcia v. United States, 53 F. Supp. 2d 370, 373 (S.D.N.Y. 1999).

Lee's second argument is that he is innocent of the firearm and drug-dealing charges. To support his claim of innocence, Lee argues that information obtained from the confidential informant to support the search warrant was unreliable, that there was no DNA or fingerprint evidence to associate him with the gun or the drugs, and that the police lied about his location in the house when he was arrested.[7] Lee also alleges that he told his attorney information to support these claims but that his attorney never presented the information at trial.

---

[7] Lee did not request an evidentiary hearing on the issue of his actual innocence. Nevertheless, the Court finds that he is not entitled to an evidentiary hearing because the Court's "'confidence in the outcome of [Lee's] state trial'" has not been sufficiently undermined to warrant further development of the evidence. Sibley v. Culliver, 377 F.3d 1196, 1206-07 (11th Cir. 2004) (quoting Davis v. Gammon, 27 F. App'x 715, 717 (8th Cir. 2001)).

10

A claim of actual innocence may excuse procedural default if the petitioner "show[s] that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Carrier, 477 U.S. at 496). The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 324, 327. For example, actual innocence may be demonstrated by the credible confession of another person, Sawyer v. Whitley, 505 U.S. 333, 340 (1992), "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," Schlup, 513 U.S. at 324. The actual innocence exception is concerned with claims of "factual innocence" as opposed to legal innocence. See Bousley v. United States, 525 U.S. 614, 623 (1998); United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). Accordingly, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup, 513 U.S. at 328 (internal quotations omitted). "In evaluating the record as a whole, the habeas court may make its own credibility determinations as to both the new evidence and the

evidence already in the record that may be thrown into doubt by the new material." Doe v. Menefee, 391 F.3d 147, 163 (2d Cir. 2004).

The first piece of evidence Lee proffers to support his claim of actual innocence relates to the credibility of the confidential informant used to secure the search warrant. Numerous times in his pleadings, Lee alleges that the confidential informant was described as an "ex-addict" although the individual continued to use drugs. Lee also alleges that the confidential informant lied in order to avoid going to jail on drug charges and because the informant was "a little jealous" of Lee. The confidential informant did not testify at Lee's trial. Therefore, attacking the informant's credibility could only serve to challenge the validity of the search warrant and suggest that the evidence obtained from the search should have been suppressed at trial. Because the credibility of the informant relates to the legal sufficiency of Lee's convictions, rather than his factual innocence of the crimes charged, this "new evidence" does not warrant application of the actual innocence exception. See Carr-Poindexter v. Warden, No. 3:06cv120, 2009 WL 3276094, at *7 (S.D. Ohio Oct. 9, 2009).

Lee also argues that he is actually innocent because there was no DNA or fingerprint evidence connecting him to the gun or the drugs. At the outset, the Court notes that this is not actually evidence of innocence, but rather an argument about the lack of specific evidence of guilt. Furthermore, Lee's attorney raised

12

this argument at Lee's trial,[8] and therefore, it is not "new evidence." See Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[A] claim of actual innocence must be based on reliable evidence *not presented at trial*." (emphasis added)); Hubbard v. Pinchak, 378 F.3d 333, 340-41 (3d Cir. 2004).

The final evidence Lee proffers to support his claim of actual innocence is his own testimony about his location in the house when the police entered to execute the search warrant. Lee alleges that when he saw the narcotics agents arrive at the house, he went upstairs to warn other people. According to Lee, when the police entered the house he was laying face-down in the upstairs kitchen, but the police lied and said that they saw him come from the direction of the room where they found the drugs and the gun. Lee's convictions were based on the theory that he had constructive possession of the drugs and the gun. See Trial Tr. at 82, Commonwealth v. Lee, No. CR07001430-00 (Va. Cir. Ct. May 31, 2007); Lee v. Commonwealth, No. 2174-07-1 (Va. App. Apr. 16, 2008). To support its claim that Lee constructively possessed the gun and the drugs discovered in the upstairs bedroom, the prosecution introduced evidence that when the police entered the house Lee was coming from the direction of the room, that Lee was the only person

---

[8] Lee's attorney raised this argument when he moved to strike after the close of the prosecution's evidence. See Trial Tr. at 71, Commonwealth v. Lee, No. CR07001430-00 (Va. Cir. Ct. May 31, 2007).

13

in the vicinity of the room, that there was clothing in the room big enough to fit Lee, that an envelope bearing Lee's name was found next to a lamp in the room, and that Lee had been shot at the house less than one (1) year prior to his arrest. It appears that the police officers' testimony about Lee's location in the house was critical to securing the convictions. Accordingly, Lee's testimony is "new evidence"[9] that directly challenges the evidence offered by the prosecution at trial. When evaluating the new evidence, the Court "may 'consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'" House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup, 513 U.S. at 331-32). Furthermore, "where, as here, the new evidence consists entirely of testimony that challenges the facts on which the prosecution relied in obtaining the conviction, the court must carefully consider the nature of the

---

[9] Whether Lee's testimony is truly "new evidence" is debatable. Some circuits require the petitioner to present "newly discovered" evidence as opposed to evidence that is merely "newly presented." In those circuits where the evidence must be newly discovered, "[a] defendant's own late-proffered testimony is not 'new' because it was available at trial [and the defendant] merely chose not to present it to the jury." Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004); see also Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005). Other circuits require only that the evidence be newly presented, noting that "[p]articularly in a case where the underlying constitutional violation claimed is the ineffective assistance of counsel premised on a failure to present evidence, a requirement that new evidence be unknown to the defense at the time of trial would operate as a roadblock to the actual innocence gateway." Gomez v. Jaimet, 350 F.3d 673, 679-80 (7th Cir. 2003); see also Prince v. Thaler, 354 F. App'x 846, 847 (5th Cir. 2009); Griffin v. Johnson, 250 F.3d 956, 963 (9th Cir. 2003).

testimony in light of the existing record to determine whether it can be considered reliable." Menefee, 391 F.3d at 165.

Here, the Court is confronted with two sets of directly conflicting testimony, neither of which is supported by direct evidence. Because this is a classic case of he said-he said, the credibility of the respective witnesses is of paramount importance. Officer Brian Atwood testified that as he was coming up the stairs, he saw Lee step from behind the door at the top of the staircase, approaching from the direction of a room at the end of the hallway, where the gun and drugs were ultimately discovered. Trial Tr. at 17-20, Commonwealth v. Lee, No. CR07001430-00 (Va. Cir. Ct. May 31, 2007). Officer Randy Crandall testified that when he reached the top of the stairs, Officer Atwood was in the hallway to the right of the staircase taking custody of two individuals, including Lee. Id. at 29-31. In his ruling, the trial judge specifically noted that the officers' testimony was credible. Id. at 80. Under the Antiterrorism and Effective Death Penalty Act of 1996, the state court's factual determinations on issues such as witness credibility are entitled to deference. See Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010); Cagle v. Branker, 520 F.3d 320, 324-25 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").

On the other hand, Lee's credibility is diminished by his

15

personal history and characteristics. Lee's criminal history dates back to 1985. Additionally, Lee is a self-admitted drug addict[10] with a long history of heavy drug use. In the brief accompanying Lee's petition, he claims that when the agents pulled up to the house to execute the search warrant he "went back upstairs to warn Ricky Morgan (now deceased) that the police are coming." Lee then admits that Ricky Morgan "and 4 others and myself were upstairs smoking 'crack.'"[11] Lee's heavy drug use, particularly his use on the day in question, undermines his credibility and raises doubts about the accuracy of his recollection of the events on the day he was arrested. Further undermining his credibility are Lee's admissions that he lied to the police about where he lived and worked at the time of his arrest. In the brief accompanying his petition, Lee states that when the police asked him where he lived, "I said I'm homeless because I lived with my girlfriend in Park Place 420 W. 28th St. Apt. #5 and I didn't want her to be put out [of] her apartment [because of] my stupidity if my face or name was

---

[10] In the brief accompanying Lee's petition, he states that "I smoke the pipe (stem) I'm a crack smoker myself ask the Sentera Norfolk General Hospital did I not have crack and heroin in my system when I was shot. Also the informant used my name because he's a little jealous because I get 'crack' from the dealer to smoke for being the 'gopher' (run errands-like go to the store for cigars, beer, liquor, and women and food)."

[11] This admission is consistent with the pre-sentence report, which indicates that Lee had last smoked crack cocaine on the day he was arrested. Pre-Sentence Report at 8, Commonwealth v. Lee, Nos. CR07001430-00 to -05 (Va. Cir. Ct. Aug. 31, 2007).

on tv or in the newspaper." Lee then states that when the police asked him where he worked, "I said worked odd jobs, again thinking of others besides myself. I didn't want the two black men to get in trouble because they paid me and other labor workers $10.00 per hr in cash." These admissions demonstrate that Lee is willing to lie in order to protect others, and likely himself, from trouble with law enforcement.

Given the relative reliability of the conflicting accounts, even if Lee's testimony would create reasonable doubt about his guilt, Lee has failed to establish that it is more likely than not that no reasonable juror would choose to believe the police officers' accounts of his location over Lee's account. See Bosley v. Cain, 409 F.3d 657, 665 (5th Cir. 2005). Accordingly, Lee's testimony is insufficient to convince the Court that this is such an "extraordinary case" to justify applying the "extremely rare" actual innocence exception. Schlup, 513 U.S. at 321-22.

For the reasons stated, Lee cannot prove cause and prejudice, or a fundamental miscarriage of justice. Accordingly, the Court FINDS that Lee's claims remain procedurally defaulted and are barred from this Court's review. See Coleman, 501 U.S. at 750; Clagett, 209 F.3d at 378-79.

### III. RECOMMENDATION

For the foregoing reasons, the Court, having found that the claims raised in the instant petition are procedurally defaulted,

RECOMMENDS that Lee's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Lee's claims be DISMISSED WITH PREJUDICE.

Lee failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

18

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 28, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Frederick Darryl Lee, #1134236
Red Onion State Prison
P.O. Box 970
Pound, Virginia 24279
*Pro Se*

Joshua Mikell Didlake
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
*Counsel for Respondent*

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

July 28, 2010