UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

OCT - 6 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

FREDERICK DARRYL LEE, #1134236,

        Petitioner,

v.

                                  Case No. 2:10cv122

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to Petitioner's conviction on May 31, 2007, in the Circuit Court for the City of Norfolk, Virginia, of one (1) count of possession with intent to distribute cocaine; one (1) count of possession of a firearm by a convicted felon; one (1) count of possession of a firearm while possessing a controlled substance with intent to distribute; one (1) count of possession of marijuana; and one (1) count of maintaining a premises deemed a common nuisance, as a result of which he was sentenced to serve a total of eighteen (18) years, twelve (12) months, and thirty (30) days in prison, with eight (8) years, twelve (12) months, and thirty (30) days suspended, in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of

the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on July 28, 2010, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On August 2, 2010, the Court received Petitioner's objections. (Doc. No. 25.) The Court received no response from Respondent.

First, Petitioner asks for forgiveness and pleads for "another chance." The sole purpose of the habeas court is to review the case for constitutional violations. The Court cannot grant the relief Petitioner seeks. Accordingly, Petitioner's objection is OVERRULED.

Petitioner also alleges that he "suffer[s] from post-traumatic stress disorder and [is] being medically provided for and psychologically treated and seen monthly by a psychiatrist." (Pet'r's Objs. at 1.) The Court of Appeals for the Fourth Circuit has reserved ruling on whether mental illness can constitute cause to excuse a procedural default. See <u>Farabee v. Johnson</u>, 129 F. App'x 799, 802 (4th Cir. 2005); <u>Jenkins v. Angelone</u>, 168 F.3d 482 (4th Cir. 1999) (unpublished table decision). However, the Fourth Circuit has made clear that even if mental illness can constitute cause, the petitioner must "demonstrate[] that any mental illness actually caused his procedural defaults...[by] establish[ing] that

2

his condition rendered him unable to exhaust his state court remedies during the appropriate periods." Farabee, 129 F. App'x at 802. Petitioner claims that his mental condition is caused by an incident that occurred prior to his arrest or conviction. Petitioner was able to timely prosecute his state habeas petition in the circuit court, to file a second habeas petition in the Virginia Supreme Court, and timely file his federal habeas petition in this Court. Petitioner's claims are procedurally defaulted because he did not follow the proper procedure for appealing the circuit court's dismissal of his habeas petition, not because of his inability to file the required documents. Thus, it would appear that his condition has not interfered with his ability to exhaust his state court remedies. Accordingly, Petitioner's objection is OVERRULED.

Finally, Petitioner contends that the judge that presided over his case "was barred from the bench less than a year after sentencing [him] on circumstantial evidence, for his demeanor in the courtroom and his misuse of justice." (Pet'r's Objs. at 5.) The Fourth Circuit has made clear that cause to excuse procedural default refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); McNeill v. Polk, 476 F.3d 206, 214 (4th Cir. 2007) (quoting Richmond v. Polk, 275 F.3d 309,

324 (4th Cir. 2004)). Not only has Petitioner failed to establish how the trial judge's removal had any impact on his own conviction, but it is clear from Petitioner's own allegations that the judge was removed from the bench while Petitioner's direct appeal was still pending. Thus, there is no basis upon which to conclude that any of the judge's conduct interfered with Petitioner's ability to comply with the state's procedural rules in connection with the prosecution of his state habeas petition. Accordingly, Petitioner's objection is OVERRULED.

The remainder of Petitioner's objections simply reiterate the facts underlying his claims of ineffective assistance of counsel. As the magistrate judge noted in his Report and Recommendation, these claims are procedurally defaulted.

The Court, having reviewed the record and examined the objections filed by Petitioner to the magistrate judge's report, and having made _de novo_ findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on July 28, 2010, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE as the claims are procedurally defaulted. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this _final order_ by filing a _written_ notice of appeal with the

Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/

**Raymond A. Jackson**
**United States District Judge**

Norfolk, Virginia

October 5, 2010

5